# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JKAYC, LLC, | Civil Action No. 1:19-cv-11561 (PKC) |
| Plaintiff, | **ANSWER & COUNTERCLAIMS** |
| v. | |
| NOAH BANK, | |
| Defendant. | |

Defendant Noah Bank, by and through its attorneys, Hartmann Doherty Rosa Berman & Bulbulia, LLC, hereby answers the Complaint of Plaintiff JKAYC, LLC as follows:

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted that Defendant hoped to open a location for a new bank branch in Queens County if it could obtain the required approvals of federal and state banking departments within the time frame set forth in the Lease.

6. The Lease is a document that speaks for itself but otherwise denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. The notice is a document that speaks for itself but otherwise denied.

12. Denied.

13. The notice is a document that speaks for itself but otherwise denied.

14. Denied that the referenced exhibit is attached to the Complaint and, therefore, Defendant lacks sufficient information to admit or deny the allegation.

15. Denied that the referenced exhibit is attached to the Complaint and, therefore, Defendant lacks sufficient information to admit or deny the allegation.

16. Denied that the referenced exhibit is attached to the Complaint and, therefore, Defendant lacks sufficient information to admit or deny the allegation, except denied that Noah Bank "backed out of the lease" or that its reasons for properly terminating the Lease changed over time.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied that the referenced exhibit is attached to the Complaint and, therefore, Defendant lacks sufficient information to admit or deny the allegation.

22. Denied.

## **COUNT ONE**

23. Defendant incorporates by reference its prior responses.

24. Admitted.

25. Denied.

26. Denied.

## **COUNT TWO**

27. Defendant incorporates by reference its prior responses.

28. Denied.

29. Denied.

## AFFIRMATIVE DEFENSES

1) Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2) Plaintiff's claims are barred by the applicable statute of limitations.

3) Defendant did not breach or violate any legal duty owed to Plaintiff.

4) Plaintiff's claims are barred by the doctrines of waiver, laches, unclean hands and/or estoppel.

5) Defendant at all times acted in good faith.

6) There is a lack of condition precedent that excuses Defendant's performance.

7) Defendant's performance of the contract is impossible.

8) Defendant reserves the right to rely upon all defenses that may become available during discovery or at trial.

## COUNTERCLAIMS

Counterclaim Plaintiff Noah Bank hereby alleges the following counterclaims against Counterclaim Defendant JKAYC, LLC as follows:

## PARTIES

1. Noah Bank is a Pennsylvania state-charted non-member bank, with its headquarters located at 7301 Old York Road, Elkins Park, PA, and its principal place of business located at 2337 Lemoine Avenue, Fort Lee, New Jersey.

2. JKAYC, LLC ("JKAYC") is a New York limited liability company with its principal place of business located at 29-49 218th Street, Bayside, New York.

## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action in which there is a complete diversity between JKAYC and Noah Bank, and the amount in controversy exceeds $75,000.00.

## FACTS

4. In 2018, Noah Bank desired to open a new branch in Queens County, provided it could obtain the necessary approvals from federal and state regulatory authorities.

5. Noah Bank and JKAYC entered into a lease agreement ("Lease"), dated October 19, 2018, for the first floor of the building to be constructed on the land known as 201-08 Northern Boulevard, Bayside, New York 11361 (the "Premises").

6. Under the Lease, Noah Bank paid to JKAYC a $400,000.00 security deposit (the "Security Deposit"). *See* Article 5 of the Lease.

7. Under Article 4 of the Lease, Noah Bank had the right to terminate the Lease in the event it did not receive approvals from federal and state regulatory authorities with a specified time period.

8. Specifically, in the event Noah Bank was not able to obtain approvals from the federal and state banking departments within 365 days of the date of the Lease, the Lease automatically terminated and JKAYC was required to promptly return the Security Deposit to Noah Bank. *Id.*

9. Noah Bank attempted but was unable to obtain the necessary approvals from the federal and state banking departments to open a branch location at the Premises by October 19, 2019.

10. Accordingly, the Lease automatically terminated pursuant to section 4.01 of the Lease and JKAYC was obligated to return Noah Bank's security deposit.

11. Noah Bank demanded that JKAYC return the Security Deposit to Noah Bank.

12. JKAYC failed and refused to return the Security Deposit to Noah Bank.

## COUNT ONE
### (Breach of Contract)

13. Noah Bank incorporates by reference its prior allegations.

14. Noah Bank and JKAYC entered into the Lease which is a binding contract.

15. Noah Bank performed all of its obligations under the Lease, including payment to JKAYC of a Security Deposit in the amount of $400,000.00.

16. Noah Bank, through no fault of its own, was unable to obtain required regulatory approvals by October 19, 2019.

17. Consequently, under Article 4 of the Lease, the Lease automatically terminated on or about October 19, 2019.

18. JKAYC is obligated under Article 4 of the Lease to return the Security Deposit to Noah Bank.

19. JKAYC breached the lease by not returning the Security Deposit to Noah Bank.

20. As a result of JKAYC's breach of contract, Noah Bank has been damaged.

## COUNT TWO
### (Conversion)

21. Noah Bank incorporates by reference its prior allegations.

22. JKAYC has, without authority, permission or bona claim of ownership, wrongfully and intentionally retained and converted the Security Deposit for its own use and benefit.

23. JKAYC's actions have wrongfully interfered with Noah Bank's right to the Security Deposit.

24. As a result, Noah Bank has been damaged.

### **COUNT THREE**
**(Unjust Enrichment)**

25. Noah Bank incorporates by reference its prior allegations.

26. Noah Bank paid to JKAYC a Security Deposit in connection with the Lease.

27. Noah Bank, through no fault of its own, was unable to obtain required regulatory approvals by October 19, 2019.

28. As evidenced by Article 4 of the Lease, the parties envisioned that if regulatory approval could not be obtained with a specific time frame that the Lease would automatically terminate and JKAYC would return the Security Deposit to Noah Bank.

29. Despite the termination of the Lease and the parties' relationship, JKAYC has failed and refused to return the Security Deposit to Noah Bank.

30. JKAYC has been unjustly enriched at the expense of Noah Bank by retaining the Security Deposit after the Lease terminated.

31. It is against equity and good conscience to permit JKAYC to retain the Security Deposit.

*   *   *

**WHEREFORE**, Defendant and Counterclaim Plaintiff Noah Bank hereby demands entry of judgment in its favor and against Plaintiff and Counterclaim Defendant JKAYC, LLC on each and every cause of action and awarding to it its reasonable attorneys' fees and costs of suit.

_____
Mark A. Berman, Esq.
Kelly A. Zampino, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
800 Third Avenue, 28th Floor
New York, NY 10022
212-344-4619
*Attorneys for Defendant*
*Noah Bank*

Dated: December 23, 2019